**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

TONEE BUWANA,

      Plaintiff-Appellant,

v.

THE REGENTS OF THE
UNIVERSITY OF COLORADO,
University of Colorado at Boulder,

      Defendant-Appellee.

No. 98-1325
(D.C. No. 97-N-2147)
(D. Colo.)

---

ORDER AND JUDGMENT   *

---

Before **ANDERSON**  and **KELLY** , Circuit Judges, and   **BROWN** ,** Senior
District Judge.

---

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*    Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Tonee Buwana, appearing pro se, appeals the district court's grant of summary judgment in favor of defendant on his race and gender discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mr. Buwana, a black male, was employed by the University of Colorado in Boulder from 1989 until his resignation on September 5, 1997.  On September 8, 1997, he filed charges with the Equal Employment Opportunity Commission (EEOC), alleging that defendant had discriminated against him on the basis of race and gender by subjecting him to a discriminatory hostile working environment and to discriminatory disparate treatment.  The EEOC issued a right to sue letter four days later, on September 12, 1997, stating that it would be unable to complete its process within 180 days from the filing of the charge. [1]

---

[1]    Although not raised as an issue by defendant, the EEOC's issuance of a right to sue letter only four days after Mr. Buwana filed his charge with the agency deserves comment.  The extremely short four-day time period between the filing of Mr. Buwana's EEOC charge and the EEOC's issuance of a right to sue letter strongly suggests that the issuance of the right to sue letter in this case "was a mere formality, with none of the reflection, discussion, and consideration that [29 C.F.R.] § 1601.28(a)(2) supposedly requires."  *Pearce v. Barry Sable Diamonds*, 912 F. Supp. 149, 156 (E.D. Pa. 1996).  Short circuiting the deliberative and investigative process, while not jurisdictional and waivable, *see Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1228
(continued...)

Mr. Buwana then filed his pro se Title VII complaint in district court. He alleged that his supervisor created a hostile work environment by failing to: complete a performance plan, return some of Mr. Buwana's phone calls, mail a letter of recommendation, set up a meeting requested by Mr. Buwana and arrange for training for him. To survive defendant's motion for summary judgment, Mr. Buwana had to present facts to support a conclusion that "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus." *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994) (quotation omitted). The district court held that Mr. Buwana failed to show that these incidents were either pervasive or severe enough to create a hostile work environment, and to present any evidence indicating they were racially motivated.

Mr. Buwana also alleged that he was subjected to discriminatory disparate treatment when he was denied a student advisor position with the Environmental Studies Program within the College of Arts and Sciences and was reassigned as a student advisor with the International Affairs department within the same college. He further alleges he was subjected to disparate treatment when the University's

[1](...continued)
(10th Cir. 1997), does a disservice to both the litigant and the court and we would caution against such practice becoming routine.

-3-

Human Resources department failed to intervene in this reassignment or to notify him of changes to his Position Description Questionnaire.

In order to survive a motion for summary judgment with regard to his claim of disparate treatment under Title VII, Mr. Buwana must meet the initial burden of establishing the prima facie case articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) by showing that (1) he is a member of a racial minority, (2) he suffered an adverse employment action, and (3) similarly situated employees were treated differently. *See Trujillo v. University of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998) (modifying the usual McDonnell Douglas prima facie case to fit the context of a disparate treatment claim).

The district court held that the reassignment did not constitute an adverse employment action because Mr. Buwana admitted it did not result in any reduction in pay, rank, responsibility or working hours. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, ___, 118 S. Ct. 2257, 2268 (1998) (conduct is adverse employment action if it "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."); *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 532 (10th Cir. 1998) (stating that "we will not consider a mere inconvenience or an alteration of job responsibilities

-4-

to be an adverse employment action." (quotation omitted)).  The district court further held that Mr. Buwana failed to produce any evidence to support his conclusory allegation that he was treated less favorably than anyone else similarly situated.

We have reviewed the district court's grant of summary judgment de novo, applying the same standard used by the district court under Fed. R. Civ. P. 56(c).  *See Novell, Inc. v. Federal Ins. Co.*, 141 F.3d 983, 985 (10th Cir. 1998).  We have liberally construed Mr. Buwana's pro se pleadings, as did the district court.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Based on our review of the record, we discern no error in the district court's judgment.  We agree with the district court's conclusion that Mr. Buwana failed to present evidence of severe, pervasive, and frequent discrimination, which is required to prove a hostile or abusive work environment.  *See Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986).  We also agree with the district court that Mr. Buwana's disparate treatment claim fails because he did not present evidence that his reassignment resulted in any reduction in pay, rank or responsibility, *see Burlington*, 118 S. Ct. at 2268 (describing conduct deemed to be an adverse employment action), or evidence that other similarly situated employees outside his protected class were treated more favorably.  Contrary to Mr. Buwana's assertion, the district court gave him an adequate opportunity to undertake discovery.  We therefore affirm

for substantially the reasons stated by the district court in its order of August 20, 1998, including the findings and recommendation of the magistrate judge dated June 21, 1998.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge